IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RUSSELL ORTIZ,

                Plaintiff,                      OPINION AND ORDER

v.

                                                    22-cv-277-wmc

SHOPBOP LLC
C/OAMAXON@LITTLER.COM,

                Defendant.

*Pro se* plaintiff Russell Ortiz is proceeding in this civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against defendant Shopbop LLC, his former employer. Ortiz contends that Shopbop subjected him to a hostile work environment and then retaliated against him for complaining about that environment by giving him fewer shifts. Now before the court is defendant's motion to dismiss Ortiz's retaliation claim, on the ground that he failed to exhaust his administrative remedies. (Dkt. #12.) Because Ortiz's EEOC charge did not mention retaliation or raise the facts comprising his retaliation claim, the court will grant defendant's motion and dismiss Ortiz's retaliation claim.

OPINION

A plaintiff must exhaust his administrative remedies by presenting all his Title VII claims to the EEOC. *See* 42 U.S.C. § 2000e-5; *Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("[A] plaintiff may not bring claims under Title VII that were not originally included in the charge made to the EEOC."). This requirement affords the EEOC the opportunity to carry out it investigatory and conciliatory functions and provide the party accused of discrimination notice of the conduct at issue in the charge. *See Cheek v. W&S Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36,

44; *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)).

A plaintiff may pursue claims that are "like or reasonably related to the allegations asserted in an EEOC charge, but "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501. "Normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook Cnty. Sheriff's Dept.*, 602 F.3d 852, 864-65 (7th Cir. 2010). An exception to this general principle arises if the EEOC charge is submitted that alleges only discrimination, and then a retaliatory action occurs after the filing of the EEOC charge. *See McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996) (citing *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989)).

Plaintiff Ortiz submitted an EEOC charge in which he alleged that: (1) after his employment began in June of 2021, he was subjected to a derogatory and offensive comment about his ethnicity, (2) he immediately reported the comment but nothing was done, and (3) he felt forced to resign in April of 2021.[1] Ortiz made no mention of his belief that after he complained about the comment, he was mistreated because of his complaint.

In his complaint before this court, Ortiz alleges not only that he was subjected to a hostile work environment because of his race, but also that *after* he complained about that environment, his employer retaliated against him for complaining by assigning him fewer hours, a different position and a different location. Ortiz does not dispute his failure to raise the retaliation claim in the EEOC charge, nor does he suggest that the retaliatory conduct

---

[1] The court has considered the content of Ortiz's EEOC charge because he explicitly refers to it in his complaint, and because it is central to his claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

occurred after he submitted the charge. Instead, Ortiz argues that his retaliation claim was implicit in his EEOC filing. But there is no question that Ortiz failed to bring up the mistreatment that formed the basis for his retaliation charge: decreased hours, a different position and a different location.

Ortiz's failure to allege retaliation or the underlying facts of that claim deprived not only defendant of advance notice of this claim, but also the EEOC of the opportunity to investigate his belief that he suffered an adverse action because he complained about the work environment. Therefore, the court will dismiss Ortiz's Title VII retaliation claim without prejudice, *see Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009), although it likely functions as a dismissal with prejudice because the court sees no basis to infer that Ortiz could now timely exhaust this claim, *see* 42 U.S.C. §§ 2000e-5(e)(1); *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016).

## ORDER

IT IS ORDERED that defendant's motion to dismiss Ortiz's retaliation claim (dkt. #12) is GRANTED, and that claim is DISMISSED without prejudice for failure to exhaust administrative remedies.

Entered this 14th day of February, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge